IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

AMOS LEE JONES, 275477, )
      Petitioner, )
       )
v. ) No. 3:09-CV-507-M
       )
RICK THALER, Director, Texas )
Dept. Of Criminal Justice, Correctional )
Institutions Division, )
      Respondent. )

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Background**

On August 15, 1975, Petitioner was convicted of murder and sentenced to ninety-nine years imprisonment. *State of Texas v. Amos Lee Jones*, No. F77-203-IM (194th Dist. Ct., Dallas, Tex., Aug. 15, 1975). Petitioner does not challenge his conviction or sentence.

Petitioner argues Respondent has failed to credit his sentence with 1125 days of good-time credits. He states Respondent has violated the Ex Post Facto Clause by applying statutes enacted after his conviction to deny him good-time credits.

On November 5, 2004, Petitioner filed a time credit dispute arguing that TDCJ failed to properly restore 950 days of good-time credits. (Resp. Ex. A at 3-4.) On March 3, 2007, TDCJ responded that there was no error in his time credits. (*Id.*) On December 14, 2007, Petitioner filed

a second time credit dispute arguing that TDCJ failed to backdate 1125 days of good-time and his time-earning status to the day he began his sentence, which he argued was an ex post facto violation. *Id*. at 5-7. On November 15, 2008, TDCJ responded that there were no errors in Petitioner's time credits. On October 20, 2008, Petitioner filed a state petition for writ of habeas corpus. *Ex parte Jones*, No. 9,882-05. On February 18, 2009, the Court of Criminal Appeals denied the petition without written order on the findings of the trial court.

On March 10, 2009, Petitioner filed the instant petition under 28 U.S.C. § 2254. On November 3, 2009, Respondent filed his answer arguing, *inter alia*, that the petition is time-barred. On November 25, 2009, Petitioner filed a reply. The Court now determines the petition is barred by limitations and should be dismissed.

## II. Discussion

### A. Statute of Limitations

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996). The one-year period is calculated from the latest of either: (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented

him from filing his federal petition. Nor does he base is petition on any new constitutional right under subparagraph (C). With regard to subparagraph (A), the Court determines that it is inapplicable because it pertains to direct review of "the judgment," which is not at issue in this case. The Court will therefore calculate the one-year statute of limitations under subparagraph (D), from the date the facts supporting the claims raised in the instant petition became known or could have become known through the exercise of due diligence.

Petitioner states the statutes governing his good-time credits were changed on November 20, 1993 and April 1, 1995. (Pet. Mem. at 3-5.) Respondent states that on November 20, 1993 and April 1, 1995, the TDCJ changed its policies regarding the restoration of forfeited good-time and the backdating of good-time. (Answer at 5-6.) Respondent states that on November 12, 1993, the Director of TDCJ issued a "Notice to Inmate Population" discontinuing the practice of restoring good time forfeited as a result of disciplinary violations. (Answer at 6). On April 1, 1995, TDCJ discontinued all backdating of good-time. (*Id*.) Therefore the latest date Petitioner either knew or could have known of his claims through the exercise of due diligence was April 1, 1995.

Petitioner's limitation-commencing event occurred prior to the enactment of the AEDPA. Petitioner is therefore entitled to a period of one-year from the AEDPA's effective date of April 24, 1996, to file his federal petition. *See Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998). Thus, Petitioner was required to file his § 2254 petition on or before April 24, 1997, to avoid being time-barred.

The filing of a time-credit dispute form with TDCJ and/or a state habeas petition tolls the federal limitations period. *See* 28 U.S.C. § 2244(d)(2); *Stone v. Thaler*, 614 F.3d 130, 139 (5th Cir. 2010) (finding time credit dispute proceedings toll the limitations period for 180 days). Petitioner,

however, did not file his first time-credit dispute until November 5, 2004 and did not file his second time-credit dispute until December 14, 2007. He filed his state habeas petition on October 20, 2008. Each of these petitions was filed after the one-year limitations period expired on April 24, 1997. They therefore did not toll the limitations period.

Petitioner was required to file his federal habeas petition by April 14, 1997. He did not file his petition until March 10, 2009. The petition is therefore untimely.

## B. Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In his reply to Respondent's answer, Petitioner argues that a March 30, 2007 revision to the good-time policies created a "continuous retroactive application" of the November 20, 1993 and April 1, 1995 changes such that his limitations period should run from March 30, 2007. (Reply at 2-4.) To the extent that Petitioner is arguing that a March 30, 2007 change to the good-time policies created an ex post facto violation, he has failed to show how this change differed from the earlier

November 30, 1993 and April 1, 1995 changes. He has also failed to exhaust this claim because he did not raise the claim in his state habeas petition. To the extent he is arguing that the limitations period regarding the November 30, 1993 and April 1, 1995 changes should be tolled from March 30, 2007 until the filing of his federal petition, the claim is without merit. The federal limitations period on his November 30, 1993 and April 1995 claims expired on April 24, 1997, long before March 30, 2007. Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling in this case.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed this 5th day of August, 2011.

_____
**PAUL D. STICKNEY**
**UNITED STATES MAGISTRATE JUDGE**

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).